IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMMY LEE MOSIER,

 Plaintiff,

v.                   No. 1:20-cv-02197-JDB-tmp

JOSEPH EVANS and
CROCKETT COUNTY, TENNESSEE,

 Defendants.

ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

  Before the Court is the motion of Defendants, Joseph Evans and Crockett County, Tennessee, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff, Timmy Lee Mosier's, state-law negligence claims and, with respect to Crockett County, his claim for punitive damages. (Docket Entry ("D.E.") 7.) Mosier submitted a response,[1] (D.E. 10), to which Defendants filed a reply, (D.E. 13). Accordingly, this matter is ripe for disposition.

**BACKGROUND**

  This case arises out of an incident where a deputy sheriff of the Crockett County Sheriff's Office, Evans, allegedly used excessive force in arresting Plaintiff. Mosier claims that on the night of March 2, 2019, Evans arrested him for public intoxication and then transported him to the Crockett County Jail. (D.E. 1-2 (Compl. ¶¶ 8–9).) Prior to arriving at the facility, Evans had secured Plaintiff's hands behind his back with handcuffs. (*Id.* ¶ 9.) Once they arrived, Evans began to escort the arrestee into the jail with his left hand on one of Mosier's overalls straps. (*Id.*)

---

[1] Plaintiff concedes that punitive damages cannot be recovered against Crockett County. (D.E. 10 at PageID 55.) Therefore, Defendants' motion is GRANTED as to this issue.

At some point, "Plaintiff stopped walking . . . and/or attempted to pull back from [Evans]." (*Id.*) The deputy then "reacted by grabbing the strap of Plaintiff's overalls with both hands and aggressively sl[ung] him to the ground, which was a concrete floor." (*Id.*) The right side of Mosier's face hit the floor, which resulted in "fractures to the right and left sides of his face, a C6-C7 compression fracture, [a] C5-C6 interspinous ligament tear[, and] lacerations on his back." (*Id.* ¶¶ 10, 15.) After he "aggressively slung" him to the ground, Evans did not call for emergency medical assistance and "allowed Plaintiff to remain on the floor in a pool of blood" for over thirty minutes. (*Id.* ¶ 11.)

Based on this incident, Mosier has sued the Defendants for claims under 42 U.S.C. § 1983 for violating his rights to adequate correctional care and to be free from excessive force, and against Crockett County for its failure to adequately train its officers and its policy or custom of allowing its agents to use excessive force. Mosier also brings state-law claims against Evans for assault, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. He further asserts that Crockett County is vicariously liable for Evans' negligence and is directly liable for its negligent hiring, training, retention, and supervision of its employees.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether dismissal under this Rule is appropriate, the court "must accept the complaint's well-pleaded factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true." *Gavitt v. Born*, 835 F.3d

623, 640 (6th Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive such a motion, the complaint "must state a claim to relief that rises 'above the speculative level' and is 'plausible on its face.'" *Luis*, 833 F.3d at 625 (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[I]f it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claims that would entitle [him] to relief, then . . . dismissal is proper." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 272 (6th Cir. 2016) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 515 (6th Cir. 1999)).

## ANALYSIS

Defendants' liability for negligence turns on the application of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-201 *et seq.*, which "codif[ied] the general common law rule that 'all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities,' . . . subject to statutory exceptions in the Act's provisions."[2] *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001) (quoting Tenn. Code Ann. § 29-20-201(a)). "The TGTLA removes immunity for 'injury proximately caused by a negligent act or omission of any employee within the scope of his employment,' but provides a list of exceptions to this removal of immunity." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010) (quoting Tenn. Code Ann. § 29-20-205). At issue

---

[2] In addition to "governmental entities," the TGTLA provides immunity for "[a]ll members of boards, commissions, agencies, authorities, and other governing bodies of any governmental entity," subject to statutory exceptions. Tenn. Code Ann. § 29-20-201(b)(2); *see also id.* § 29-20-310(c). Plaintiff does not contest that Evans is subject to the same immunity that Crockett County enjoys.

here are the exceptions for injuries that arise out of civil rights violations and the performance of discretionary acts. *See* Tenn. Code Ann. § 29-20-205(1)–(2).

    *A. Civil-Rights Exception*

The TGTLA's civil-rights exception "has been construed to include claims arising under 42 U.S.C. § 1983 and the United States Constitution." *Johnson*, 617 F.3d at 872 (citation omitted). If a plaintiff's negligence claim "arises out of the same circumstances giving rise to [his] civil rights claim under § 1983," then § 29-20-205(2) applies and the governmental entity retains immunity with respect to the negligence claim. *Id.*; *see also Savage v. City of Memphis*, 620 F. App'x 425, 429 (6th Cir. 2015) (quoting *Johnson*, 617 F.3d at 872) (second alteration in original) ("[T]he majority of courts to address the TGTLA's civil-rights exception have done so by asking whether a plaintiff's claims 'are in essence claims for violation of [the plaintiff's] constitutional rights.'"); *Tinkle v. Dyer Cty.*, 2018 WL 6840155, at *2 (W.D. Tenn. Dec. 31, 2018) ("It is well-settled [sic] that the [T]GTLA's 'civil rights' exception includes claims arising under § 1983, and a plaintiff cannot circumvent a defendant's immunity by couching [his] civil rights claim as one of negligence.").

Defendants contend that the civil-rights exception applies since Plaintiff sets forth the same set of facts to support his § 1983 claims as he does to bolster his state-law negligence claims. (D.E. 7-1 at PageID 32.)  In response, Mosier avers that his negligence claims are "factually distinct" from his civil rights claims, because "[n]owhere in [his] civil rights allegations does he allege that the overall[s] strap broke or separated." (D.E. 10 at PageID 47.) According to Plaintiff, "[t]his alone is enough to show there is a factual distinction." (*Id.*) Mosier further argues that the civil-rights exception does not apply since his § 1983 claims "require a showing of deliberate indifference or at least something more than simple negligence." (*Id.* at PageID 46.)

4

Plaintiff's first contention is without merit, as *nowhere* in his complaint does he allege that his overalls strap actually broke or separated.[3] And even if he did make such an assertion, the fact remains that his negligence claims arise out of the exact same circumstances that give rise to his civil rights claims—that is, Evans "aggressively slinging" him to the ground by his overalls strap. Mosier's second argument also fails, since the appropriate test is not whether the elements of his claims are different, but rather is whether his claims arise out of the same circumstances. As the same facts form the basis of Mosier's negligence and § 1983 claims, and "[b]ecause the plain language of the TGTLA preserves immunity for suits claiming negligent injuries arising from civil rights violations," *Johnson*, 617 F.3d at 872, the Court concludes that the civil-rights exception to the waiver of immunity applies. *See, e.g.*, *Partee v. City of Memphis*, 449 F. App'x 444, 448 (6th Cir. 2011) (affirming the district court's dismissal of plaintiff's negligence claims against the city-defendant as they were "based directly on [the police officer's] conduct while arresting [plaintiff]"); *Tinkle*, 2018 WL 6840155, at *2 (concluding that the plaintiff's negligence and § 1983 claims both stemmed from his arrest for public intoxication). Accordingly, the TGTLA bars Plaintiff's negligence claims against Evans, as well as his contention that Crockett County is vicariously liable for Evans' negligence.

Irrespective of the Act's preservation of immunity, Plaintiff maintains that he should be permitted to plead his negligence claims in the alternative pursuant to Fed. R. Civ. P. 8(d). (D.E. 10 at PageID 44–45.) Defendants contend that Mosier's alternative pleading is merely an attempt to circumvent the TGTLA's civil-rights exception and that allowing both his negligence and

---

[3] Presumably, Plaintiff is referring to paragraph 13 of the complaint, which claims that Evans was negligent in attempting to control Plaintiff by grabbing his overalls strap, "as it was foreseeable that the strap *could* break and result in Plaintiff falling to the ground." (Compl. ¶ 13 (emphasis added).) Insisting that Mosier's overalls strap could have broke or separated, however, is not the same as alleging that the strap actually broke. And the Court is unable to draw such an inference from the complaint's factual allegations. (*See id.* ¶¶ 7–19, 27–30.)

5

§ 1983 claims to proceed would violate the plain language of the Act. (D.E. 7-1 at PageID 31–32; D.E. 13 at PageID 61–62.) The Court finds Defendants' argument to be persuasive. As this Court explained in *Allred v. Rodriquez*:

> While Plaintiff is correct that Rule 8(d)(3) allows a party to state as many claims as he has, regardless of consistency, courts—including this Court—have consistently held that if a plaintiff alleges that a defendant violated his civil rights, he cannot alternatively bring a claim under the TGTLA, because doing so would violate the [Act's] preservation of immunity for alleged civil rights violations.

399 F. Supp. 3d 730, 734 (W.D. Tenn. 2019) (citing *Tinkle*, 2018 WL 6840155, at *2; *Doe v. Jackson Madison Cty. Bd. of Educ.*, 2018 WL 2927777, at *3 (W.D. Tenn. June 7, 2018); *Stewart v. City of Memphis*, 2017 WL 627467, at *8 (W.D. Tenn. Feb. 15, 2017); and *Hargrow v. Shelby Cty.*, 2014 WL 3891811, at *5 (W.D. Tenn. Aug. 7, 2014)); *see also Lawler v. Hardeman Cty.*, 2019 WL 6310729, at *3 (W.D. Tenn. Nov. 25, 2019). Accordingly, the Court concludes that Plaintiff may not assert his negligence claims in the alternative.

### B. Discretionary-Function Exception

In addition to the civil-rights exception, the TGTLA preserves immunity from suits involving an injury that "arises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused." Tenn. Code Ann. § 29-20-205(1); *Savage*, 620 F. App'x at 429. The Tennessee Supreme Court has adopted the "planning-operational test" to determine whether an act is "discretionary." *Bowers v. City of Chattanooga*, 826 S.W.2d 427, 430–31 (Tenn. 1992). Under this test, "decisions that rise to the level of planning or policy-making are considered discretionary acts which do not give rise to tort liability, while decisions that are merely operational are not considered discretionary acts and, therefore, do not give rise to immunity." *Id.* at 430 (citation omitted). This test focuses on "the type of decision" rather than "the identity of the decision maker" and requires courts to examine

two factors: "(1) the decision-making process and (2) the propriety of judicial review of the resulting decision." *Id.* at 431. As to the first factor, the *Bowers* court provided:

> If a particular course of conduct is determined after consideration or debate by an individual or group charged with the formulation of plans or policies, it strongly suggests the result is a planning decision. These decisions often result from assessing priorities; allocating resources; developing policies; or establishing plans, specifications, or schedules.
>
> On the other hand, a decision resulting from a determination based on preexisting laws, regulations, policies, or standards, usually indicates that its maker is performing an operational act. Similarly operational are those ad hoc decisions made by an individual or group not charged with the development of plans or policies. . . . In other words, "the discretionary function exception [will] not apply to a claim that government employees failed to comply with regulations or policies designed to guide their actions in a particular situation."

*Id.* (alteration in original) (citations omitted). The second factor requires consideration of "whether the decision is the type properly reviewable by the courts," as the discretionary-function exception "'recognizes that courts are ill-equipped to investigate and balance the numerous factors that go into an executive or legislative decision' and therefore allows the government to operate without undue interference by the courts." *Id.* (citation omitted).

Crockett County contends that its hiring, training, retention, and supervision policies are the result of discretionary acts subject to immunity under the TGTLA. (D.E. 7-1 at PageID 33.) In response, Plaintiff clarifies that he "does not challenge the actual training, hiring, or supervision policies under the [T]GTLA, but he does challenge the actual training or the execution of policy under the [Act]."[4] (D.E. 10 at PageID 50–51.) Specifically, Mosier claims that the discretionary-

---

[4] To the extent that Mosier's negligence claims are based on the County's policies and procedures, or lack thereof, the Court finds that the discretionary-function exception to the waiver of immunity applies to such claims. *See, e.g.*, *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 85 (Tenn. 2001) (concluding that the defendant's "broad discretion to implement a policy governing the questions of whether and how to discipline combative employees is indeed a policy determination that cannot give rise to tort liability"); *Savage v. City of Memphis*, 620 F. App'x 425, 429 (6th Cir. 2015) (second alteration in original) ("'[T]he sorts of determinations the [Memphis Police Department] must make in how it trains and supervises its employees, staffs its

7

function exception does not apply because "the County was negligent in failing to follow the policies that *might* have existed." (*Id.* at PageID 52 (emphasis added).) Notwithstanding Plaintiff's clarification, Crockett County avers that the complaint still fails to state a negligence claim under the TGTLA since Plaintiff does not allege that the County had any particular policies or procedures in place and that it failed to follow those established standards. (D.E. 13 at PageID 63.) The Court agrees with Defendant.

To avoid the discretionary-function exception, Mosier must allege that Crockett County did not comply with preexisting policies or procedures and that the County's acts were negligent and proximately caused Mosier's injuries. *Doe v. Coffee Cty. Bd. of Educ.*, 852 S.W.2d 899, 909 (Tenn. Ct. App. 1992); *see also Giggers v. Memphis Hous. Auth.*, 363 S.W.3d 500, 508 (Tenn. 2012) ("When a negligent act occurs in contravention of an established policy, that act is operational in nature and is not entitled to immunity under the [T]GTLA."); *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 85 (Tenn. 2001) ("If such an employee does not act reasonably but pursues a course of conduct that violates mandatory regulation, the discretionary function exception will not apply because the action would be contrary to the entity's established policy."). In support of this claim, Plaintiff cites paragraphs 43, 45, 46, 48, and 49 of the complaint. (D.E. 10 at PageID 49.) Those portions of the complaint, however, contain only conclusory assertions and are insufficient to demonstrate that the County's purported failures were operational in nature.[5]

---

departments, and investigates the alleged wrongdoing of its employees' place the Plaintiffs' direct-negligence claims 'squarely within the discretionary function exception.'"); *see also Limbaugh*, 59 S.W.3d at 85 ("If the policy, regulation, or other standard of procedure mandates specific conduct, then any employee reasonably complying with that direction will not abrogate the entity's immunity if the action furthers the underlying policies of the regulation.").

[5] For example, in paragraph 43, Plaintiff states that he is suing Crockett County for "negligent hiring, negligent retention of employees, negligent supervision of employees, and failing to take necessary precautions to prevent the injuries suffered by Plaintiff." This assertion is unhelpful to Mosier as it includes no factual allegations. Similarly, paragraphs 45 and 46 simply

Mosier further insists that "[i]t remains an open question of fact as to what policies were actually in place and whether they were disregarded," and that such facts "could not possibly be known to [him] unless and until he is allowed to proceed with formal discovery." (D.E. 10 at PageID 50.) Plaintiff's contention is without merit, as the United States Supreme Court has made clear that to "unlock the doors of discovery," a plaintiff must first state a plausible clam for relief. *See Agema v. City of Allegan*, 826 F.3d 326, 332 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678–79). Ultimately, the defect in Mosier's complaint is that it fails to allege that Crockett County acted contrary to any established policy. *See Lawler v. Hardeman Cty.*, 2019 WL 6310729, at *5–6 (W.D. Tenn. Nov. 25, 2019) (dismissing plaintiff's negligence claims under the TGTLA because the complaint "d[id] not allege that Hardeman County or any employee or agent engaged in any 'ad hoc' courses of action that did not comport with existing policies"); *Uhuru v. City of Memphis*, 2008 WL 4646156, at *12 (W.D. Tenn. 2008 Oct. 17, 2008) (same). Since the facts presented by Plaintiff do not fall outside the TGTLA's discretionary-function exception, the Court concludes that Crockett County retains its immunity.[6]

---

allege that Crockett County "negligently failed to supervise its employees" and "failed to adequately train [Evans] to properly restrain and subdue" intoxicated arrestees. And paragraphs 48 and 49 claim that "Defendants were negligent in the use of excessive force in this case" and that "Crockett County should be held vicariously liable" for Evans' actions. Not only are these portions of the complaint void of any factual allegations, but there is not even an inference that Crockett County acted contrary to any established policy.

[6] In his response, Plaintiff also argued that Evans' decision to use the overalls strap to restrain an intoxicated arrestee was an operational act. (D.E. 10 at PageID 52.) However, even assuming that Evans' conduct was operational, i.e., contrary to established policy, the civil-rights exception to the waiver of immunity applies to Mosier's negligence claims against Evans since they arise out of the exact same facts as his § 1983 claims. *See supra* pp. 4–5.

## CONCLUSION

Because Mosier's negligence claims under the TGTLA are barred by both the civil-rights exception as well as the discretionary-function exception, Defendants' partial motion to dismiss is GRANTED.  Plaintiff's negligence claims are therefore DISMISSED.

IT IS SO ORDERED this 29th day of July 2020.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE
